IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELA VIDOR, | No. C 11-315 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING LEAVE TO AMEND** |
| v. | |
| AMERICAN INTERNATIONAL GROUP, *et al.*, | |
| Defendants. / | |

Defendants' motion to dismiss the complaint is scheduled for a hearing on April 8, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion and GRANTS plaintiff leave to amend the complaint. If plaintiff wishes to file an amended complaint, the amended complaint must be filed by **April 15, 2011**.

**BACKGROUND**

On January 21, 2011, *pro se* plaintiff Bela (Bill) Vidor filed this lawsuit against defendants American International Group ("AIG") and Robert "Steve" Miller, Chairman of the AIG Board of Directors. The complaint alleges that plaintiff purchased AIG preferred stock, and seeks "an injunction to halt the highly degraded and devalued stock swap settlement rate by AIG commencing on February 15, May 1, and August 1, 2011." Compl. at 2:7-8 (first section).[1] The complaint alleges that in June

---

[1] The complaint contains two different sections that are paginated beginning with page 1, and that begin with paragraph 1.

2010, plaintiff was informed that there would be a "mandatory stock swap of 0.03289 common shares per each Equity unit of (preferred shares) in a bundle of three valued at $75.00 per bundle $25.00 per share." Compl. at 1:12-13 (second section). The complaint alleges that "by their [AIG's] calculation and mine I will only get 21.2% in return for my hard-earned assets," that the stock swap is "predatory" and that "this deceptive and deceitful creative bookkeeping was designed to rid American International Group, Inc. of the financial obligation in returning the principal amount borrowed from the public sector investors, in the form of Preferred Shares." *Id*. at 1:17-19, 3:16. The complaint does not allege any specific causes of action.

AIG has submitted evidence showing that contrary to plaintiff's allegations, plaintiff did not purchase AIG preferred stock, but instead purchased hybrid "Equity Units," each consisting of (1) a fractional interest in certain AIG subordinated debentures and (2) a forward contract obligating shareholders to purchase AIG common stock on three specified dates in 2011 at a price fixed by the terms of a prospectus. Cox Decl. Ex. 3. Defendant has filed, *inter alia*, the registration statement and the prospectus for the Equity Units.[2] The cover page of the prospectus states "The stock purchase contract will obligate you to purchase from us, and us to sell to you, on each of February 15, 2011, May 1, 2011, and August 1, 2011 (each, a "*stock purchase date*") for $25 in cash on each of the three stock purchase dates, a variable number of shares of our common stock, subject to anti-dilution adjustments, each to the applicable settlement rate, calculated as follows: [three different formulas depending on the applicable market value of common stock]." Cox Decl. Ex. 4 at cover page (emphasis in original). The prospectus also explicitly warns investors that "[holders] will bear the entire risk that the market value of [AIG's] common stock may decline." *Id*. at S-22.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

---

[2] The Court takes judicial notice of the SEC filings attached to the Cox declaration.

2

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**DISCUSSION**

Defendants move to dismiss the complaint for failure to state a claim. The complaint does not allege any specific causes of action, and the Court finds that the complaint is subject to dismissal on that basis. Because the Court is granting plaintiff leave to amend, the Court addresses the claims mentioned in plaintiff's opposition (but not alleged in the complaint) in order to provide plaintiff with guidance in amending the complaint.

In the opposition, plaintiff refers to the Trust Indenture Act of 1939 ("TIA"), and asserts that under that Act, "[s]ecurities such as bonds, debentures, and notes may not be offered for sale to the public unless there is a formal agreement between the issuer and the potential bondholders and Securities holders. Which AIG failed to do with each individual investor to secure a formal agreement between the issuer of bonds and the bondholder." Opp'n at 3:20-24.

"The Trust Indenture Act provides a cause of action for persons who purchase securities issued

3

under an indenture if the purchaser relies on misleading statements or omissions and suffers actual damages." *In re Nucorp Sec. Litig.*, 772 F.2d 1486, 1489 (9th Cir. 1985) (citing 15 U.S.C. § 77www). Section 304(a) of the TIA provides that the Act does not apply to "any certificate of interest or participation in two or more securities having substantially different rights and privileges, or a temporary certificate for any such certificate." 15 U.S.C. § 77ddd(a)(2). Defendants contend[3] that plaintiff cannot state a claim under the TIA because the Equity Units constitute an undivided fractional interest in three different debentures, combined with a forward contract on AIG's common stock. Defendants argue that the three distinct series of debentures underlying the Equity Units constitute securities having "substantially different rights and privileges," such as different maturity dates and rates of interest, and the forward contract contained within the Equity Units is an entirely different category of security.

Plaintiff's opposition does not respond to this argument, and does not assert any facts showing that the TIA applies. Based upon this record, the Court finds it unlikely that plaintiff can state a claim under the TIA because it does not appear that the Equity Units are covered by the TIA. Further, in order to state a claim under the TIA, plaintiff must allege the misleading statements or omissions upon which he relied. *In re Nucorp*, 772 F.2d at 1489. The complaint and plaintiff's opposition brief assert that plaintiff did not read the Prospectus prior to investing in the Equity Units; that plaintiff was confused by the Equity Units' ticker; and that even if plaintiff had read the Prospectus, he would not have understood it because "the language and terminology is incomprehensible even to most attorneys let alone to a lay person." Opp'n at 2:13-15. These assertions do not identify any alleged misrepresentations or omissions upon which plaintiff relied, and particularly in light of the disclosures contained in the Prospectus, it does not appear that plaintiff can state a claim under the TIA. If plaintiff wishes to allege a claim under the TIA, plaintiff is advised to carefully review the elements of such a claim when preparing an amended complaint.

Plaintiff's opposition also asserts that defendants "defrauded" plaintiff. According to California

---

[3] Although the complaint does not allege any specific causes of action, defendants' motion addressed the claims that it appeared plaintiff might be trying to assert based on statutes referenced in plaintiff's motion for a temporary restraining order.

4

law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage." *Gil v. Bank of Am., Nat'l Ass'n*, 42 Cal. Rptr. 3d 310, 317 (Cal. Ct. App. 2006). Plaintiff has not identified any misrepresentations upon which he relied, nor has he stated any facts showing that AIG knew that alleged misrepresentations were false or intended to defraud plaintiff. If plaintiff wishes to allege a common law fraud claim, he must allege specific facts in support of such a claim.[4]

In light of plaintiff's *pro se* status, the Court GRANTS plaintiff leave to amend the complaint. If plaintiff wishes to file an amended complaint, plaintiff must (1) assert a basis for federal jurisdiction and personal jurisdiction over defendants; (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly as possible, the facts giving rise to the complaint, including the dates upon which the events occurred; and (4) state the relief that plaintiff seeks. In addition, all claims of fraud are subject to the strict pleading requirements of Federal Rule of Civil Procedure 9(b), which provides, in relevant part, that "in all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Therefore, in addition to the "time, place and content of an alleged misrepresentation," a complaint "must set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. California Amplifier*, 191 F.3d 983, 993 & n.10 (9th Cir. 1999).

///

---

[4] Plaintiff's opposition also asserts that defendants have violated his "constitutional rights of equal protection." Opp'n at 6:21. Plaintiff has not identified any factual or legal basis for such a claim, and the Court finds based upon this record that plaintiff cannot state a claim for violation of his right to equal protection. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993) ("Our precedents establish that in order to prove a private conspiracy in violation of the first clause of § 1985(3), a plaintiff must show, *inter alia*, (1) that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action,' *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798, 29 L. Ed.2d 338 (1971), and (2) that the conspiracy 'aimed at interfering with rights' that are 'protected against private, as well as official, encroachment,' *Carpenters v. Scott*, 463 U.S. 825, 833, 103 S. Ct. 3352, 3358, 77 L. Ed.2d 1049 (1983).")

5

**CONCLUSION**

For the reasons set forth above, the Court GRANTS defendants' motion to dismiss and GRANTS plaintiff leave to amend the complaint. (Docket No. 17). The amended complaint must be filed by **April 15, 2011**.

**IT IS SO ORDERED.**

Dated: March 29, 2011

SUSAN ILLSTON
United States District Judge